**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Luis Tenelanda, | : | Case No. 1:26-cv-490 |
| | : | Judge Jeffery P. Hopkins |
| Plaintiff, | | Magistrate Judge Stephanie K. Bowman |
| | : | |
| v. | | |
| | : | ***Jury Demand Endorsed Hereon*** |
| Butler County, *et al.* | | |
| | : | |
| Defendants. | | |

---

**ANSWER OF DEFENDANTS**

---

Now come Defendants Butler County, Ohio, Sheriff Richard K. Jones, and Sergeant Corneal Rowe, by and through counsel, and for their Answer to Plaintiff's Complaint herein state as follows:

1. Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendants deny the allegations contained in paragraph 3 of Plaintiff's Complaint for want of knowledge.

4. Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants aver that the allegations in paragraph 5 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that Sheriff Richard K. Jones is the elected Sheriff of Butler County, Ohio. Defendants deny the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendants aver that the allegations in paragraph 6 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants

1

admit only that Sergeant Corneal Rowe is employed as a corrections Sergeant with the Butler County Sheriff's Office. Defendants deny the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7.     Defendants aver that the allegations in paragraph 7 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.     Defendants aver that the allegations in paragraph 8 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that jurisdiction over Plaintiff's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). Further answering, Defendants deny that the allegations in Plaintiff's Complaint occurred at the Butler County Jail; however, Defendants admit that "venue lies properly with this District pursuant to 28 U.S.C. § 1391(b)[.]"

9.     Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint for want of knowledge.

10.    Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.    Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint for want of knowledge.

12.    Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint for want of knowledge.

13.    Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint for want of knowledge.

14.     Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint for want of knowledge.

15.     Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint for want of knowledge.

16.     Defendants aver that Sergeant Rowe entered Plaintiff's pod to assist corrections staff with the disorderly conduct of the detainees therein. Defendants otherwise deny any remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint for want of knowledge.

21.     Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint for want of knowledge.

22.     Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     Defendants aver that Sergeant Rowe entered Plaintiff's cell because he was noncompliant with lawful orders, yelling at a female corrections officer, and clenched his fists at Sergeant Rowe. Defendants deny any remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendants aver that Sergeant Rowe, and other corrections staff ordered all detainees to get on their bunks, and Plaintiff refused to comply. Defendants otherwise deny the remaining allegations contained in paragraph 24 of Plaintiff's Complaint for want of knowledge.

25.     Defendants aver that Plaintiff refused to comply with Sergeant Rowe's lawful command to get on his bunk and Sergeant Rowe placed two hands on Plaintiff's hips to make him sit down. Defendants further aver that Plaintiff refused to stay seated, repeatedly tried to stand, and continued to refuse Sergeant Rowe's lawful orders. Defendants otherwise deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint for want of knowledge.

29.     Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint for want of knowledge.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint for want of knowledge.

31.     Defendants aver that jail medical staff evaluated Plaintiff's vitals and blood sugar, but Plaintiff refused to speak with medical staff. Defendants deny any remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     Defendants aver that jail medical staff evaluated Plaintiff, but he otherwise refused to speak with medical staff. Defendants deny any remaining allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint for want of knowledge.

34.     Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint for want of knowledge.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint for want of knowledge.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint for want of knowledge.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint for want of knowledge.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint for want of knowledge.

39. Defendants aver that Plaintiff placed a sick call request via the Butler County Jail kiosk system at 7:14pm CT on June 9, 2025, and was seen by medical staff at approximately 9:00am the following morning, June 10, 2025. Defendants further aver that he was transported via cruiser to Bethesda Butler Emergency Department at approximately 9:47am. Defendants deny any remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants aver that Plaintiff was transported to Bethesda Butler Emergency Department, where he received blood and urine tests, a CT scan of his pelvis, and x-rays of his elbow and shoulder. Defendants deny any remaining allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants aver that the results of Plaintiff's arm x-rays were unremarkable, and the CT scan of his abdomen showed kidney stones, cortical cysts, and a small umbilical hernia on his abdominal wall, with no acute intra-abdominal findings. Defendants deny any remaining allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendants aver Plaintiff was given acetaminophen, ioversol (CT contrast), and ondansetron (Zofran) while at Bethesda Butler Hospital. Defendants deny the remaining allegations contained in paragraph 42 of Plaintiff's Complaint for want of knowledge.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint for want of knowledge.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint for want of knowledge.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint for want of knowledge.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint for want of knowledge.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint for want of knowledge.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint for want of knowledge.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint for want of knowledge.

50. Defendants aver that the allegations in paragraph 50 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendants aver that the allegations in paragraph 51 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that a contract exists contemplating the confinement of ICE detainees at the Butler County

Jail and, pursuant to such contract, certain requirements apply. Defendants deny any remaining allegations contained in paragraph 51 of Plaintiff's Complaint for want of knowledge.

52. Defendants aver that the allegations contained in paragraph 52 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself. Defendants deny any remaining allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendants aver that the allegations contained in paragraph 53 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself. Defendants deny any remaining allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendants aver that the allegations contained in paragraph 54 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself. Defendants deny any remaining allegations contained in paragraph 54 of Plaintiff's Complaint.

55. Defendants aver that the allegations contained in paragraph 55 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself. Defendants deny any remaining allegations contained in paragraph 55 of Plaintiff's Complaint.

56. Defendants aver that the allegations contained in paragraph 56 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself. Defendants deny any remaining allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendants aver that the allegations contained in paragraph 57 of Plaintiff's Complaint reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself. Defendants deny any remaining allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendants aver that the allegations contained in paragraph 58 of Plaintiff's Complaint reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself. Defendants deny any remaining allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Defendants admit that all officers are trained on the use of force and Butler County has policies that conform with state and federal law. Defendants deny any remaining allegations contained in paragraph 59 of Plaintiff's Complaint.

60. Defendants aver that the allegations contained in paragraph 60 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

61. Defendants aver that the allegations contained in paragraph 61 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

62. Defendants aver that the allegations contained in paragraph 62 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

63. Defendants deny each and every allegation contained in paragraph 63 of Plaintiff's Complaint not specifically admitted herein as true.

64. Defendants aver that the allegations contained in paragraph 64 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. Defendants aver that the allegations contained in paragraph 65 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. Defendants aver that the allegations contained in paragraph 66 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the Fifth and Fourteenth Amendments to the United States Constitution speak for themselves.

67. Defendants aver that the allegations contained in paragraph 67 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that people in civil and criminal detention possess certain rights.

68. Defendants aver that the allegations contained in paragraph 68 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. Defendants aver that the allegations contained in paragraph 69 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. Defendants aver that the allegations contained in paragraph 70 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 70 of Plaintiff's Complaint.

71. Defendants aver that the allegations contained in paragraph 71 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 71 of Plaintiff's Complaint.

72. Defendants aver that the allegations contained in paragraph 72 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. Defendants aver that the allegations contained in paragraph 73 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 73 of Plaintiff's Complaint.

74. Defendants deny each and every allegation contained in paragraph 74 of Plaintiff's Complaint not specifically admitted herein as true.

75. Defendants aver that the allegations contained in paragraph 75 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76. Defendants aver that the allegations contained in paragraph 76 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

77. Defendants aver that the allegations contained in paragraph 77 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 77 of Plaintiff's Complaint.

78. Defendants aver that the allegations contained in paragraph 78 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

79. Defendants aver that the allegations contained in paragraph 79 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

80. Defendants aver that the allegations contained in paragraph 80 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

81. Defendants aver that the allegations contained in paragraph 81 of Plaintiff's Complaint reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself.

82. Defendants aver that the allegations contained in paragraph 82 of Plaintiff's Complaint reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c), and such material speaks for itself.

83. Defendants aver that the allegations contained in paragraph 83 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 83 of Plaintiff's Complaint.

84. Defendants aver that the allegations contained in paragraph 84 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 84 of Plaintiff's Complaint.

85. Defendants aver that the allegations contained in paragraph 85 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 85 of Plaintiff's Complaint.

86. Defendants deny each and every allegation contained in paragraph 86 of Plaintiff's Complaint not specifically admitted herein as true.

87. Defendants aver that the allegations contained in paragraph 87 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations contained in paragraph 88 of Plaintiff's Complaint.

89. Defendants aver that the allegations contained in paragraph 89 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 89 of Plaintiff's Complaint.

90. Defendants aver that the allegations contained in paragraph 90 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 90 of Plaintiff's Complaint.

91. Defendants deny each and every allegation contained in paragraph 91 of Plaintiff's Complaint not specifically admitted herein as true.

92. Defendants aver that the allegations contained in paragraph 92 of Plaintiff's Complaint and its subparts state legal conclusions to which no response is required. To the extent

a response is required, Defendants deny the allegations contained in paragraph 92 of Plaintiff's Complaint.

93.     Defendants aver that the allegations contained in paragraph 93 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 93 of Plaintiff's Complaint.

94.     Defendants aver that the allegations contained in paragraph 94 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 94 of Plaintiff's Complaint.

95.     Defendants deny each and every allegation contained in paragraph 95 of Plaintiff's Complaint not specifically admitted herein as true.

96.     Defendants aver that the allegations contained in paragraph 96 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 96 of Plaintiff's Complaint.

97.     Defendants aver that the allegations contained in paragraph 97 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 97 of Plaintiff's Complaint.

98.     Defendants aver that the allegations contained in paragraph 98 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny each and every allegation contained in paragraph 99 of Plaintiff's Complaint not specifically admitted herein as true.

100. Defendants aver that the allegations contained in paragraph 100 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 100 of Plaintiff's Complaint.

101. Defendants aver that the allegations contained in paragraph 101 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 101 of Plaintiff's Complaint.

102. Defendants aver that the allegations contained in paragraph 102 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 102 of Plaintiff's Complaint.

103. Defendants deny each and every allegation contained in paragraph 103 of Plaintiff's Complaint not specifically admitted herein as true.

104. Defendants aver that the allegations contained in paragraph 104 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 104 of Plaintiff's Complaint.

105. Defendants aver that the allegations contained in paragraph 105 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 105 of Plaintiff's Complaint.

106. Defendants aver that the allegations contained in paragraph 106 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 106 of Plaintiff's Complaint.

107. Defendants aver that the allegations contained in paragraph 107 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 107 of Plaintiff's Complaint.

108. Defendants aver that the allegations contained in paragraph 108 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 108 of Plaintiff's Complaint.

109. Defendants aver that the allegations contained in paragraph 109 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 109 of Plaintiff's Complaint.

110. Defendants deny each and every allegation contained in paragraph 110 of Plaintiff's Complaint not specifically admitted herein as true.

111. Defendants aver that the allegations contained in paragraph 111 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 111 of Plaintiff's Complaint.

112. Defendants aver that the allegations contained in paragraph 112 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 112 of Plaintiff's Complaint.

113. Defendants aver that the allegations contained in paragraph 113 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 113 of Plaintiff's Complaint.

114. Defendants aver that the allegations contained in paragraph 114 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 114 of Plaintiff's Complaint.

115. Defendants aver that the allegations contained in paragraph 115 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 115 of Plaintiff's Complaint.

116.    Defendants aver that the allegations contained in paragraph 116 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 116 of Plaintiff's Complaint.

117.    Defendants aver that the allegations contained in paragraph 117 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 117 of Plaintiff's Complaint.

118.    Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein as true and deny Plaintiff is entitled to any relief sought.

## FIRST DEFENSE

119.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

120.    Plaintiff has or may have failed to exhaust all administrative remedies.

## THIRD DEFENSE

121.    The conduct of Plaintiff, in whole or in part, bars Plaintiff's claims for relief.

## FOURTH DEFENSE

122.    Plaintiff's Complaint is barred, in whole or in part, by the doctrine of consent.

## FIFTH DEFENSE

123.    Plaintiff's claims are barred because Plaintiff assumed the risk of the injuries that are alleged to exist.

## SIXTH DEFENSE

124.    Plaintiff is barred from relief due to the extent and degree of Plaintiff's own negligence.

16

### SEVENTH DEFENSE

125.    Plaintiff's claims may be barred, in whole or in part, by a failure to mitigate damages.

### EIGHTH DEFENSE

126.    Plaintiff's claims may be barred by his failure to join any party or parties under Rule 19 and/or 19.1.

### NINTH DEFENSE

127.    Plaintiff's claims may be barred, in whole or in part, by a lack of capacity and/or standing to seek the relief for which he prays, or because this matter as brought is non-justiciable.

### TENTH DEFENSE

128.    Plaintiff's claims for damages may be barred, in whole or in part, by prior to, subsequent intervening, or superseding acts, omissions or causes, and/or by the acts or omissions of individuals or entities over whom Defendants had no control or right of control.

### ELEVENTH DEFENSE

129.    Defendants are entitled to immunity, including statutory, absolute, and qualified immunity, and also immunity from punitive damages.

### TWELFTH DEFENSE

130.    Plaintiff's claims against Defendants are expressly subject to, barred or limited by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

### THIRTEENTH DEFENSE

131.    Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against Defendants.

## FOURTEENTH DEFENSE

132.    Plaintiff's claims for punitive damages cannot be sustained because the conduct of Defendants did not show complete indifference to or conscious disregard for the safety of others.

## FIFTEENTH DEFENSE

133.    Plaintiff's claims for punitive damages are expressly barred by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

## SIXTEENTH DEFENSE

134.    To the extent Plaintiff seeks punitive damages or exemplary damages against Defendants, an award of those types is contrary to the United States and Ohio Constitutions, as well as federal and state statutes, and is therefore not available to Plaintiff.

## SEVENTEENTH DEFENSE

135.    Defendants are entitled to a setoff of damages and/or limitation of damages pursuant to federal and state statutes.

## EIGHTEENTH DEFENSE

136.    Plaintiff is barred from relief because Defendants acted in good faith.

## NINETEENTH DEFENSE

137.    Plaintiff is barred from relief because Defendants acted lawfully at all times.

## TWENTIETH DEFENSE

138.    Plaintiff's claims may be barred by applicable statutes of limitations.

## TWENTY-FIRST DEFENSE

139.    Plaintiff's claims against Defendants may be expressly subject to, barred, or limited by the provisions of the Prison Litigation Reform Act, 42 U.S.C. §1997e.

## TWENTY-SECOND DEFENSE

140.    Plaintiff's claims are barred against Defendants because Defendants did not proximately cause any injury to Plaintiff.

## TWENTY-THIRD DEFENSE

141.    To the extent Plaintiff seeks declaratory judgment, Plaintiff failed to properly move.

## TWENTY-FOURTH DEFENSE

142.    Defendants hereby give notice that they intend to rely upon and utilize any other affirmative defenses that might become available or apparent during the course of discovery and hereby reserve the right to amend this Answer to assert such defense or defenses.

**WHEREFORE**, Defendants Butler County, Ohio, Sheriff Richard K. Jones, and Sergeant Corneal Rowe demand that Plaintiff's claims against these Defendants be dismissed in their entirety and with prejudice.

Respectfully submitted,

/s/ Daniel T. Downey
Daniel T. Downey (0063753)
Makenzie E. McAfee (0102798)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLC**
7775 Walton Parkway Suite 200
New Albany, OH  43054
(614) 221-1216 - Telephone
(614) 221-8769 - Facsimile
ddowney@fisheldowney.com
mmcafee@fisheldowney.com
*Counsel for Defendants*

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues herein triable.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing *Answer of Defendants* was served, via the Court's CM/ECF system, upon all counsel this 17th day of July 2026.

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLC**
*Counsel for Defendants*